Nathan A. Schacht, Montana Bar No. 46224074
**BAKER & HOSTETLER LLP**
1801 California St., Suite 4400
Denver, CO 80202
Telephone:  303.861.0600
Facsimile:  303.861.7805
Email:      nschacht@bakerlaw.com

Attorneys for Defendant
TELETECH SERVICES CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| KATHY WERNER-REDDY,<br><br>          Plaintiff,<br><br>     v.<br><br>TELETECH SERVICES<br>CORPORATION,<br><br>          Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet]<br><br>Action Filed:  October 30, 2017 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and

1446, TeleTech Services Corporation ("TeleTech") removes the action filed by

Kathy Werner-Reddy ("Plaintiff") in the Montana Eleventh Judicial Court in and

for Flathead County, Case No. DV-17-1075B (the "State Court Action"), to the

United States District Court for the District of Montana.

## JURISDICTION AND VENUE

1.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

## PROCEDURAL BACKGROUND OF PLEADINGS

3.      On October 30, 2017, Plaintiff filed a complaint ("Complaint") against TeleTech in the Montana Eleventh Judicial Court in and for Flathead County.  On December 13, 2017, Plaintiff served TeleTech with copies of the Summons and Complaint by personal delivery.  A true and correct copy of the Summons and Complaint is attached as Exhibit "A".

## TIMELINESS OF REMOVAL

4.      This removal is timely because TeleTech filed this Petition for Removal within 30 days of being served with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1).

## DIVERSITY OF CITIZENSHIP

5.     Plaintiff's Citizenship.  As alleged in the Complaint, Plaintiff "was at all times relevant to this action a resident of Flathead County, Montana."  [Compl., § 1(a).]  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of Montana.

6.     TeleTech's Citizenship.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  A corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct.  1181, 1192 (2010).  "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters."  *Id*.  "The public often (though not always) considers it the corporation's main place of business."  *Id*. at 1193.

7.     TeleTech is a corporation formed and incorporated under the laws of the State of Colorado. Pursuant to Hertz's nerve center test, TeleTech has its principal place of business in Colorado.  Specifically, Defendant's headquarters are

located at 9197 South Peoria Street, Englewood, CO 80112.  Accordingly,

Defendant is a citizen of the State of Colorado.

8.     Diversity of citizenship exists under 28 U.S.C. §§ 1332 because

Plaintiff is a citizen of Montana and TeleTech is a citizen of Colorado.

## AMOUNT IN CONTROVERSY

9.     Without conceding that Plaintiff is entitled to the damages she seeks

or could recover damages in any amount, the purported amount in controversy in

this action exceeds $75,000, exclusive of interest and costs.

10.     A defendant may remove a case to federal court pursuant to 28 U.S.C.

§ 1332(a) on the grounds that the amount in controversy exceeds $75,000 when the

plaintiff fails to set forth any specific damage amount.  *See, e.g.*, *Cohn v. PetsMart,

Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).  Plaintiff has not set forth any specific

damage amount.

11.     Calculations.  As demonstrated below, the allegations in the

Complaint make it more likely than not that the amount in controversy exceeds

$75,000.  In calculating alleged damages and penalties below, although TeleTech

denies it is liable to Plaintiff in any amount or manner, because the Complaint does

not provide more precise calculations, TeleTech makes reasonable assumptions, as

indicated below, for each claim.  The assumptions are reasonable given that Courts

have assumed even a 100 percent violation rate is permitted in circumstances

where, as here, the Complaint does not allege a more precise calculation.  *See*

*Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal.,

2010) ("courts have assumed a 100% violation rate  . . . in calculating the amount

in controversy when the complaint does not allege a more precise calculation.");

*see also Kenneth Rothschild Trust v. Morgan Stanley*, 199 F. Supp. 2d 993, 1001

(C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assum[e]

that the allegations of the complaint are true ….'") (quoting *Jackson v. American*

*Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *Korn v.*

*Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The

ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint,

not what a defendant will *actually owe*.") (emphasis in original).

    12.    Claim for Wrongful Discharge (Absence of Good Cause), Mont. Code

Ann. § 39-2-904.  Plaintiff alleges that she "was a non-probationary employee with

over six years of service at TeleTech."  [Compl., § 3(D).]  She further alleges that

she "earned an hourly wage of approximately $15.14 per hour, plus benefits."

[Compl. 3(c).]  Plaintiff also claims that "[o]n or about May 11, 2017, [her]

employment was terminated by TeleTech" and that her termination "was

whimsical, arbitrary, and was not based upon any legitimate business reason."

[Compl. §§ 3(t), Count One ¶ (b).]  As such, Plaintiff alleges that she "was

terminated without good cause in violation of the Montana Wrongful Discharge

from Employment Act, § 39-2-904(1)(b), MCA." Plaintiff seeks "economic damages in the form of lost wages and benefits, as well as consequential damages and interest as provided in § 39-2-905(1), MCA." [Compl., Count One ¶ (e).]

13.     Pursuant to Mont. Code Ann. § 39-2-905(1), "[i]f an employer has committed a wrongful discharge, the employee may be awarded lost wages and fringe benefits for a period not to exceed 4 years from the date of discharge, together with interest on the lost wages and fringe benefits."

14.     Although TeleTech denies it violated § 39-2-904(1)(b), assuming for purposes of this analysis only that, based on her allegations, Plaintiff was wrongfully discharged, the amount in controversy for alleged wage damages (not including the value of fringe benefits) is **$123,542**, calculated as $15.14 per hour X 40 hours per week X 52 weeks per year X 4 years. Even assuming, conservatively, that Plaintiff is only entitled three years of wages, the amount in controversy for alleged wage damages (not including the value of fringe benefits) is at least **$94,473**.

15.     Claim for Wrongful Discharge (Violation of Internal Personnel Policy), Mont. Code Ann. § 39-2-904(1)(c).  Plaintiff alleges that "TeleTech's internal personnel policy provides an opportunity for the employee to improve their [sic] metrics through the issuance of verbal or written warnings, or in severe cases, Performance Improvement Plans." [Compl., Count Two, ¶ (b).]   Plaintiff

further alleges that she "was terminated in direct violation of the express provisions of [TeleTech's] own internal, written personnel policy" because she never received "such [a] warning, written or verbal, or a Performance Improvement Plan…." [Compl., Count Two, §§ (b)-(c).] Accordingly, Plaintiff claims that her termination was in "violation of the Montana Wrongful Discharge from Employment Act, § 39-2-904(1)(c), MCA." [Compl., Count Two, § (c).] Plaintiff seeks "economic damages in the form of lost wages and benefits, as well as consequential damages and interest as provided in § 39-2-905(1), MCA." [Compl., Count Two ¶ (d).]

16.     Although TeleTech denies it violated Mont. Code Ann. § 39-2-904(1)(b), assuming for purposes of this analysis only that, based on her allegations, Plaintiff was wrongfully discharged, the amount in controversy for alleged wage damages (not include the value of fringe benefits) is **$123,542**, calculated as $15.14 per hour X 40 hours per week X 52 weeks per year X 4 years. Even assuming, conservatively, that Plaintiff is only entitled three years of wages, the amount in controversy for alleged wage damages (not including the value of fringe benefits) is at least **$94,473**.

17.     Claim for Violation of Wage Protection Act, Mont. Code. Ann. § 39-3-405(1). Plaintiff alleges that she "frequently worked in excess of 40 hours per week" during her employment with TeleTech. [Compl., §3, ¶ (g).] Specifically,

Plaintiff claims that "[b]y February 8, 2017, [she] frequently worked over eight hours per day," including "repeatedly working through her lunch break."  [Compl., §3, ¶ (h).] Plaintiff alleges that she "was repeatedly informed by Sandi Cowen [of TeleTech] that she was not permitted to submit a time card that exceeded 40 hours per week" and that "after February 8, 2017, and perhaps before, TeleTech, though Ms. Cowden, rounded down [Plaintiff's] hours worked so that her time sheets inaccurately reflected the time she actually worked…." [Compl., §3, ¶¶ (e)-(g), (i).] Based on the above allegations, Plaintiff claims that TeleTech violated § 49-3-405(1), MCA. [Compl., Count Three, ¶ (e).]  Plaintiff seeks "an amount not to exceed 100% of the wages due and unpaid, as provided in Mont. Code Ann. § 39-206(1).

18.    Although TeleTech denies that it failed to pay Plaintiff overtime, assuming for purposes of this analysis only that Plaintiff was not compensated for one hour of overtime per day for every workday between February 8, 2017 and May 11, 2017, the amount in controversy is **$1,648**, calculated as $15.14 per hour X 1 hour per workday X 1.5 per hour X approximately 66 workdays from February 8, 2017 to May 11, 2017 X 110%.

19.    <u>Amount of Penalties and Damages in Controversy</u>.  Although TeleTech denies Plaintiff's allegations, for the purposes of this analysis and based on the amounts calculated above, Plaintiff seeks penalties and damages that

conservatively total, at a minimum, **$127,613.50**.  Even if the Court assumes that

Plaintiff is only entitled to three years of wages, the amount in controversy is still

at least **$96,121**.  And this does not include Plaintiff's request for attorneys' fees,

as discussed below.

20.   <u>Attorneys' Fees.</u>  When the underlying substantive law provides for

the award of attorneys' fees, a party may include that amount in their calculation of

the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

Cir. 1998).  The Court may take into account reasonable estimates of attorneys'

fees when analyzing disputes over the amount in controversy.  *See Brady v.*

*Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002).  Plaintiff

has sought an award of attorneys' fees under Mont. Code Ann. § 39-3-214, which

states that "[w]henever it is necessary for the employee to enter or maintain a suit

at law for the recovery or collection of wages due as provided for by this part, a

resulting judgment ***must include*** a reasonable attorney fee in favor of the

successful party, to be taxed as part of the costs in the case." (emphasis added.)

Attorneys' fees should therefore be included in analyzing the amount in

controversy.  In the Ninth Circuit, "[s]ubstantial authority supports a 'benchmark'

25 percent attorneys' fees figure to be added to any claim for which attorneys' fees

are available." *Herrera v. Carmax Auto Superstores California, LLC*, No.

EDCV14776MWFVBKX, 2014 WL 12586254, at *4 (C.D. Cal. June 12, 2014);

*see also Vasquez v. Coast Valley Roofing, Inc*., 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark.").

21.     <u>Total Amount in Controversy</u>.  Based on the discussion above, the amount in controversy based just on alleged compensatory damages, penalties, and attorneys' fees is, more likely than not, in excess of $75,000.  Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount, exclusive of interest and costs, needed to meet the amount in controversy requirement.  As demonstrated above, the total amount in controversy is, at a minimum, **$127,613.50** based on Plaintiff's allegations in the Complaint, prior to taking attorneys' fees into account.  Even if the Court assumes that Plaintiff in only entitled to three years of wages, the amount in controversy is still at least **$96,121**, prior to taking attorneys' fees into account.

| Total Amount in Controversy | | |
|---|---|---|
| Claims | Amount (Assuming 4 Years of Wages) | Amount (Assuming 3 Years of Wages) |
| Wrongful Discharge (Lack of Good Cause/Violation of Internal Policy) | $123,542 | $94,473 |
| Failure to Pay Overtime Wages | $1,648 | $1,648 |
| **Total (Before Attorneys' Fees and Value of Fringe Benefits):** | $127,613 | $96,121 |

22.    Accordingly, complete diversity and amount in controversy are satisfied for jurisdiction under 28 U.S.C. §§ 1141 and 1446.  TeleTech has properly removed the State Court Action to this Court.

## NOTICE

23.    As required by 28 U.S.C. § 1446(d) and L.R. 3.3(a), TeleTech is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Montana Eleventh Judicial Court in and for Flathead County.

Dated:  January 2, 2018           Respectfully submitted,

BAKER & HOSTETLER LLP

By:    */s/ Nathan A. Schacht*
       Nathan A. Schacht

Attorneys for Defendants
TELETECH SERVICES CORPORATION

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing NOTICE OF

REMOVAL OF CIVIL ACTION TO FEDERAL COURT [Filed concurrently with Civil Cover

Sheet] to be served upon the following counsel of record via CM/ECF on January 2, 2018

Nate S. McConnell, Esq.
McConnell Law Office, PLLC
1917 S. Higgins Ave.
Missoula, MT 59801

*/s/ Nathan A. Schacht*
Nathan A. Schacht