IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSULA DIVISION

KATHY WERNER-REDDY

v.

TELETECH SERVICES CORPORATION

# EXHIBIT A

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

Nate McConnell
MCCONNELL LAW OFFICE, PLLC
1917 South Higgins Avenue
Missoula, MT 59801
(406) 721-1262
nate@mcconnell-law.com
*Attorney for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| KATHY WERNER-REDDY, | Cause No. DV-17-1075B |
| Plaintiff, | Judge ROBERT B ALLISON |
| v. | SUMMONS |
| TELETECH SERVICES CORPORATION, | |
| Defendant. | |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**

**YOU, THE DEFENDANT, ARE HEREBY SUMMONED** to answer the Complaint in this action, which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff's attorney within twenty-one (21) days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the Complaint.

SUMMONS                                                                 Page 1

GIVEN under my hand this ___30___ day of ___October___, 2017.

**PEG L. ALLISON**
Clerk of Court


By: _Rachael R. Woods_
Deputy Clerk

Nate S. McConnell, Esq.
MCCONNELL LAW OFFICE, PLLC
1917 S. Higgins Ave.
Missoula, MT 59801
Phone: (406) 721-1262
nate@mcconnell-law.com
*Attorney for Plaintiff*



MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD

COUNTY

| KATHY WERNER-REDDY, | Case No.: DV-17-1075B |
|---|---|
| Plaintiff, | ROBERT B ALLISON |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| TELETECH SERVICES CORPORATION, | |
| Defendant | |

COMES NOW, Kathy Werner-Reddy, by and through the undersigned attorney, Nate S. McConnell, and alleges as follows:

1. **Parties**

   a. Plaintiff, Kathy Werner-Reddy ("Ms. Werner-Reddy"), was at all times relevant to this action a resident of Flathead County, Montana. Ms. Werner-Reddy was an "employee" as defined by the Montana Wrongful Discharge from Employment Act, § 39-2-903(3), Montana Code Annotated, ("MCA") and as defined by the Montana Wage Protection Act, §39-3-402(3), MCA.

WERNER-REDDY COMPLAINT & DEMAND FOR JURY TRIAL                                    1

b. Defendant, TeleTech Services Corporation ("TeleTech"), is a Colorado corporation with a business located at 1203 U.S. Hwy 2 W., Kalispell, Montana 59901. TeleTech is an "employer" for the purposes of the Montana Wrongful Discharge from Employment Act, the Wage Protection Act and all other relevant statutes and case law.

2. **Venue & Jurisdiction**

   a. This Court has jurisdiction over all matters asserted in this Complaint and Flathead County is the proper venue for trial pursuant to §§ 25-2-118, 25-2-121, and 25-2-122, MCA.

3. **Factual Background**

   a. Ms. Werner-Reddy was hired by TeleTech on January 10, 2011. Her last position with TeleTech was that of Team Leader servicing TeleTech's client, Bank of America.

   b. Ms. Werner-Reddy was responsible for managing a team of customer service agents and taking escalated customer calls.

   c. Ms. Werner-Reddy earned an hourly wage of approximately $15.14 per hour, plus benefits.

   d. Ms. Werner-Reddy was a non-probationary employee with over six years of service at TeleTech.

e. Throughout her employment at TeleTech, Ms. Werner-Reddy was repeatedly informed by Sandi Cowden that she was not permitted to submit a time card that exceeded 40 hours per workweek.

f. At the time Ms. Werner-Reddy submitted her time sheets, the person in charge of entering time sheets was Sandi Cowden.

g. Ms. Werner-Reddy frequently worked in excess of 40 hours per week.

h. By February 8, 2017, Werner-Reddy frequently worked over eight hours per day.

i. Repeatedly on and after February 8, 2017, and perhaps before, Teletech, through Ms. Cowden, rounded down Ms. Werner-Reddy's hours worked so that her time sheets inaccurately reflected the time she actually worked, based on the time sheets she submitted in comparison to the time she was paid.

j. As Ms. Werner-Reddy's supervisor, Ms. Cowden had access to Ms. Werner-Reddy's time sheets, which Ms. Werner-Reddy did not have access to after she submitted them.

k. Ms. Cowden repeatedly told Ms. Werner-Reddy that she had to complete tasks or face disciplinary actions.

l. Ms. Cowden repeatedly informed Ms. Werner-Reddy that she would not be paid overtime to complete the tasks, even though Ms. Werner-Reddy and

other Teletech employees repeatedly told Teletech that the tasks could not be completed within a 40-hour work week.

m. Ms. Werner-Reddy repeatedly worked through her lunch break and at other times in order to complete the tasks assigned to her.

n. On several occasions, Ms. Cowden changed Ms. Werner-Reddy's time sheets by removing time Ms. Werner-Reddy worked so that Teletech would not have to pay overtime compensation to Ms. Werner-Reddy.

o. Ms. Werner-Reddy submitted a time sheet on or about April 30, 2017, that reflected overtime that she had worked. This was the last date on which Ms. Werner-Reddy submitted a time sheet that had an excess of 40-hours worked for the week.

p. The last date on which Teletech failed to pay Ms. Werner-Reddy for overtime she worked was on or about May 15, 2017.

q. On or about May 10, 2017, Ms. Werner-Reddy took over an escalated customer phone call.

r. Escalated phone calls are calls from Bank of America customers who are unhappy with a policy or unhappy with the agent. Typically, these customers require the intervention of a Team Lead, such as Ms. Werner-Reddy.

s. Ms. Werner-Reddy was fully trained as a supervisor charged with handling escalation calls for Teletech. Teletech had not disciplined Ms. Werner-

Reddy in any way for her handling of escalated calls since her promotion to Team Lead three years prior.

t. On or about May 11, 2017, Ms. Werner-Reddy's employment was terminated by TeleTech. At the time of termination, TeleTech informed Ms. Werner-Reddy that her employment was terminated due to her rude comments to an escalated customer on the telephone.

u. In response to Ms. Werner-Reddy's request for a statement of reasons for discharge pursuant to §39-2-801, MCA, Teletech made numerous misrepresentations of fact, including Bank of America's policy for waiving fees. Teletech further represented that it terminated Ms. Werner-Reddy based on five escalated customer calls. *See Exhibit A*.

v. Throughout Ms. Werner-Reddy's employment by Teletech, she has handled thousands of calls, including escalated calls as a Team Lead, without disciplinary action taken by Teletech. In fact, Ms. Werner-Reddy continued to obtain positive results from her leadership surveys and other feedback from Teletech.

w. Teletech represented that "a Bank of America senior vice president" called for Ms. Werner-Reddy's removal from the bank's account. Teletech also represented that the unnamed senior vice president continued to receive escalations from Ms. Werner-Reddy's team. The unnamed senior vice

    president allegedly concluded that Ms. Werner-Reddy coached her agents to escalate calls. The unnamed senior vice president allegedly called for Ms. Werner-Reddy's removal from the Bank of America account based on the limited information.

x. Ms. Werner-Reddy was given no warning or other indication that disciplinary action was contemplated by TeleTech.

y. Ms. Werner-Reddy was not provided any material, in writing, of TeleTech's internal procedure under which Ms. Werner-Reddy could appeal her discharge within sevens days of her discharge.

4. **Causes of Action**

## COUNT ONE - WRONGFUL DISCHARGE FROM EMPLOYMENT
## (ABSENCE OF GOOD CAUSE)

a. Ms. Werner-Reddy restates and re-alleges the above allegations as though fully set forth herein.

b. Ms. Werner-Reddy was a long-term, loyal, and quality employee of Defendant with limited disciplinary actions taken against her. At the time of her discharge, no pending disciplinary action was taken against Ms. Werner-Reddy. Defendant's termination of Ms. Werner-Reddy was whimsical, arbitrary, and was not based upon any legitimate business reason.

c. Ms. Werner-Reddy was performing her job satisfactorily.

d. Ms. Werner-Reddy was terminated without good cause in violation of the Montana Wrongful Discharge from Employment Act, § 39-2-904(1)(b), MCA.

e. Defendant's wrongful discharge has caused Ms. Werner-Reddy economic damages in the form of lost wages and benefits, as well as consequential damages, and interest as provided in § 39-2-905(1), MCA.

## COUNT TWO - WRONGFUL DISCHARGE FROM EMPLOYMENT (TERMINATION IN VIOLATION OF INTERNAL PERSONNEL POLICY)

a. Ms. Werner-Reddy restates each and every allegation as though fully set forth here.

b. TeleTech's internal personnel policy provides an opportunity for the employee to improve their metrics through the issuance of verbal or written warnings, or in severe cases, Performance Improvement Plans. During the employment of Ms. Werner-Reddy, no such warning, written or verbal, or a Performance Improvement Plan, were warranted or issued.

c. Ms. Werner-Reddy was terminated in direct violation of the express provisions of its own internal, written personnel policy, a violation of the Montana Wrongful Discharge from Employment Act, § 39-2-904(1)(c), MCA.

d. Defendant's wrongful discharge has caused Ms. Werner-Reddy economic damages in the form of lost wages and benefits, as well as consequential damages, and interest as provided in § 39-2-905(1), MCA.

### COUNT THREE - WAGE PROTECTION ACT

a. Ms. Werner-Reddy restates each and every allegation as though fully set forth here.

b. On and after February 8, 2017, Ms. Werner-Reddy submitted time sheets in excess of 40 hours per week, entitling her to the protections of the Wage Protection Act, § 39-3-405(1), MCA.

c. Teletech violated the Wage Protection Act when it did not compensate Ms. Werner-Reddy for overtime that she worked in violation of § 39-3-405(1), MCA.

d. Ms. Werner-Reddy was denied wages for services rendered by her employer, TeleTech, for a period surpassing 10 business days, a violation of the Wage Protection Act, § 39-3-204(1), MCA.

e. Defendant's failure to compensate Ms. Werner-Reddy for her employment in excess of 40 hours in a workweek at a rate of not less than 1 1/2 times the hourly wage rate at which Ms. Werner-Reddy was employed is a violation of the Wage Protection Act, § 39-3-405(1), MCA.

f. Defendant's failure to compensate Ms. Werner-Reddy for her employment in excess of 40 hours in a workweek shall be treated as a wage claim action, pursuant to § 39-3-407, MCA.

g. Defendant's failure to pay wages, including overtime, at times specified by law is guilty of a misdemeanor, and a penalty must also be assessed against and paid by the employer to the employee in an amount not to exceed 110% of the wages due and unpaid, as provided in Montana Code Annotated § 39-3-206(1).

Wherefore, the Plaintiff prays for the following relief:

1. Economic, liquidated, and consequential damages in an amount to be proven at trial;

2. Reasonable attorney's fees and costs;

3. Costs of the suit;

4. Interest at the statutory rate; and

5. Such other relief that this Court may deem just.

DATED this 26th day of October, 2017.

McCONNELL LAW OFFICE, PLLC
*Attorney for Plaintiff*

_____
Nate S. McConnell

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable by jury.

DATED this 26th day of October, 2017.

_____

McConnell Law Office, PLLC